United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED FLOW TECHNOLOGIES
INTERMEDIATE HOLDCO II, LLC, et al.,

Plaintiffs,

v.

SEAN COHOLAN,

Defendant.

Case No.  26-cv-01845-RS

**ORDER GRANTING TEMPORARY
RESTRAINING ORDER AND
TEMPORARY RESTRAINING ORDER**

This matter comes before this Court on the Motion of United Flow Technologies HoldCo II, LLC and TW Associates, LLC (d/b/a MISCOwater) ("Plaintiffs") for a temporary restraining order ("TRO"), seeking to enjoin their former employee, Defendant Sean Coholan, from obtaining, disseminating, or using Plaintiff's confidential, proprietary, or trade secret information; interfering with Plaintiffs' existing or prospective contractual relationships; and communicating that Plaintiffs improperly reduced Defendant's commission. Plaintiffs have satisfied the requirements for injunctive relief at this stage with regard to their trade secrets claims but have not as to the rest. Accordingly, their motion is granted in part and denied in part as set forth below.

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A "TRO 'should be restricted to… preserving the status quo and preventing irreparable harm just so long as is necessary to hold

a [preliminary injunction] hearing, and no longer.' " *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). A party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

With regard to their trade secret claims, Plaintiffs assert violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1839, *et seq.* ("DTSA") and the California Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426, *et seq.* To succeed on a claim for misappropriation of trade secrets under the DTSA or CUTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff. 18 U.S.C. § 1839(5); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (DTSA and CUTSA claims are analyzed together with substantially similar elements).

Plaintiffs have established that Defendant improperly sent himself company material, including "[d]etailed cost and margin breakdowns," "[t]echnical specifications and supply lists," "[p]roject notes regarding the 'critical path' to company profitability;" "confidential negotiated payment and delivery terms;" "[b]id and negotiation histories;" "booking records" and "[c]onfidential sales histories for Plaintiffs' employees," and that at least some of that material is likely to constitute a trade secret. Dkt. 14-5 ¶ 28. This is enough to establish misappropriation at

United States District Court
Northern District of California

this stage. *Implicit Conversions, Inc. v. Stine*, 2024 WL 4112335, at \*9 (N.D. Cal. Sept. 6, 2024) (downloading proprietary information strongly supports misappropriation); *Comet Techs. USA Inc. v. XP Power LLC*, 2022 WL 4625149, at \*4 (N.D. Cal. Sept. 30, 2022) ("[D]ownloading and removing the Da Vinci Project information was theft or, at minimum, a breach of Defendant's contractual duty to maintain secrecy."). Courts in turn "have presumed that Plaintiff will suffer irreparable harm if its proprietary information is misappropriated." *BNF Dist. Enter. Inc., v. BA Dist., Inc.*, 2025 WL 3724558, at \*17 (N.D. Cal. Dec. 24, 2025) (internal quotation marks and citation omitted). Accordingly, Plaintiffs have established likelihood of success on the merits of their trade secrets claims as well as irreparable harm.

Turning to the final two *Winter* factors, the balance of hardships and public interest also support issuance of an injunction. As reflected at the hearing held on March 16, 2026, Defendant does not oppose being subject to the injunction in the narrowed scope set forth below, and "[t]he public interest is served by the protection of trade secrets and the enforcement of contractual commitments made by an employee to his or her employer."). *See Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*, No. 19-4162 SBA, 2021 WL 1186335, at \*11 (N.D. Cal. Mar. 1, 2021), *vacated in part,* No. 2021-1839, 2022 WL 1530491 (Fed. Cir. May 16, 2022), and *opinion clarified,* No. 19-CV-04162-SBA, 2022 WL 4292956 (N.D. Cal. Sept. 16, 2022).

Plaintiffs, however, have not established likelihood of success at this stage on their interference with prospective economic advantage, interference with contract, defamation, trade libel, or unfair competition claims. Plaintiffs base these on Defendant's alleged statements that his commission was cut in half due to a recent private-equity transaction involving Plaintiffs and their affiliates. It is not clear these constitute false statements or amount to interference with prospective economic advantage or contract or unfair competition. Accordingly, an injunction that amounts to a gag order will not be issued related to these claims.

The motion for a temporary restraining order is granted in part as set forth below. As discussed at the hearing, a reciprocal preservation order is issued at the same time.

United States District Court
Northern District of California

TEMPORARY RESTRAINING ORDER
CASE NO. 26-cv-01845-RS

3

United States District Court
Northern District of California

**TEMPORARY RESTRAINING ORDER**

Good cause existing for issuance of a temporary restraining order as set forth below, Defendant Sean Coholan is hereby **RESTRAINED, ENJOINED, AND ORDERED AS FOLLOWS**:

1.      Within two (2) business days of this Order, Defendant and all those acting in concert or participation with him are **REQUIRED** to return to Plaintiffs any and all materials containing Plaintiffs' trade secret information in Defendant's possession, custody, or control and any and all material taken from Plaintiffs between March 3, 2025 and January 15, 2026 irrespective of any disputes as to whether they contain trade secrets.

2.      Plaintiffs are **REQUIRED** to preserve all material that is returned to Plaintiffs from Defendant.

3.      Plaintiffs are **REQUIRED** to file proof of bond, in the amount of $5,000 within five (5) court days of this Order with the Clerk of the Court. The bond shall serve as security for all claims with respect to this Order and for any additional injunctive relief ordered by the Court in this action.

4.      This Temporary Restraining Order is issued without prejudice to Plaintiffs or Defendant seeking additional discovery or other relief as appropriate, including further equitable, injunctive, or legal relief.

5.      This Temporary Restraining Order shall become effective immediately upon its entry.

6.      A Motion for Preliminary Injunction Hearing is set for April 17, 2026 at 10:00 AM, in San Francisco, Courtroom 03, 17th Floor before Chief Judge Richard Seeborg. Plaintiffs' motion for a preliminary injunction is due no later than March 23, 2026; Defendant's opposition is due no later than April 1, 2026; and Plaintiffs' reply is due no later than April 6, 2026.

**IT IS SO ORDERED**.

Dated: March 16, 2026

_____
RICHARD SEEBORG
Chief United States District Judge