United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED FLOW TECHNOLOGIES
INTERMEDIATE HOLDCO II, LLC, et al.,

Plaintiffs,

v.

SEAN COHOLAN,

Defendant.

Case No.  26-cv-01845-RS

**PRELIMINARY INJUNCTION**

For the reasons set forth in the Court's accompanying Order Granting In Part Motion for Preliminary Injunction (Dkt. 49), it is hereby ORDERED that a preliminary injunction is entered as follows. Defendant Sean Coholan is hereby **RESTRAINED, ENJOINED, AND ORDERED AS FOLLOWS**:

1.      Within five (5) business days of this Order, Defendant and all those acting in concert or participation with him are **REQUIRED** to return to Plaintiffs any and all materials containing Plaintiffs' trade secret information, as set forth in this Court's accompanying order, in Defendant's possession, custody, or control and any and all material taken from Plaintiffs between March 3, 2025 and January 15, 2026. To ensure compliance, Defendant is **REQUIRED** to make available and provide physical access to, and to disclose all usernames, passwords, encryption keys, passcodes, and any other credentials or authentication information necessary to access, his USB storage devices, document-storage accounts (*e.g.*, Dropbox, OneDrive), phone storage, cloud storage, physical files where hard copies of Plaintiffs' documents may reside, so as to permit Plaintiffs to conduct a full forensic inspection of each such device, account, and location to verify Defendant's

compliance with this Paragraph. Defendant is also required to return Plaintiffs' materials in their native form, with all corresponding metadata intact.

2.    Within five (5) business days of this Order, Defendant is **REQUIRED** to make available for forensic imaging and preservation any device or storage platform—including the examples of such devices or storage platforms contained in Paragraph 1—that contains or previously contained Plaintiffs' trade secret information as set forth in this Court's accompanying order. The access and credential-disclosure obligations set forth in Paragraph 1 shall apply with equal force to any imaging or preservation conducted under this Paragraph. Defendant shall not delete, alter, destroy, or otherwise modify any data, files, or materials on any such device, account, or location pending completion of all forensic inspections, imaging, and preservation conducted pursuant to Paragraphs 1 and 2.

3.    Within five (5) business days of this Order, Defendant is **REQUIRED** to provide to Plaintiffs the passcode to his company-issued phone and to cooperate in permitting Plaintiffs to access it.

4.    Defendant and all those acting in concert or participation with him are **ENJOINED AND RESTRAINED** from using Plaintiffs' trade secret information.

5.    Plaintiffs are **REQUIRED** to file proof of bond, in the amount of $25,000, within five (5) court days of this Order with the Clerk of the Court. The bond shall serve as security for all claims with respect to this Order and for any additional injunctive relief ordered by the Court in this action.

6.    The parties must negotiate in good faith regarding a protective order to address any legitimate privacy concerns raised by Defendant. But the absence of an agreed-upon protective order does not relieve Defendant's obligation to comply, within five (5) business days of this Order, with the requirements of Paragraphs 1–3 of this Order. 7. This Preliminary Injunction is issued without prejudice to Plaintiffs or Defendant seeking additional discovery or other relief as appropriate, including further equitable, injunctive, or legal relief.

7.    This Preliminary Injunction shall become effective immediately upon entry.

**IT IS SO ORDERED**.

Dated:

_____
RICHARD SEEBORG
Chief United States District Judge