UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED FLOW TECHNOLOGIES
INTERMEDIATE HOLDCO II, LLC, et al.,

Plaintiffs,

v.

SEAN COHOLAN,

Defendant.

Case No. 3:26-cv-01845-RS  (KAW)

**ORDER DENYING MOTIONS TO SEAL PORTIONS OF THE 5/8/26 JOINT DISCOVERY LETTER**

Re: Dkt. Nos. 60, 68, 70, 72

On May 8, 2026, Plaintiffs filed an administrative motion to consider whether another party's materials should be filed under seal in connection with a joint discovery letter. (Pls.' Admin. Mot., Dkt. No. 60.)  Pursuant to Civil Local Rule 79-5(f), "[f]or any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party must… file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." In doing so, they "must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1) above." Civil L.R. 79-5(f)(1).

The Designating Party must then "file a statement and/or declaration as described in subsection (c)(1)" within 7 days. Civil L.R. 79-5(f)(3).  Defendant, however, did not file his motion to seal[1] until December 18, 2026—10 days after Plaintiffs' administrative motion—rendering it untimely. (Def.'s Mot., Dkt. No. 68.)

---

[1] The Court notes that Plaintiff was not required to file a formal motion to seal. Rather, he should have filed a declaration or statement in support of Plaintiffs' administrative motion. *See* Civil L.R. 79-5(f)(3).

On May 22, 2026, Plaintiffs timely filed a response, as permitted by Civil Local Rule 79-5(f)(4), in which it argued that Defendant's motion should be denied as untimely, as well as on the merits, because Defendant offers no compelling reason to seal his Google search history.[2] (Pls.' Resp., Dkt. No. 70 at 2-3.)  While the Court agrees that Defendant's sealing motion was untimely, the Court need only address the merits argument to deny the requests to seal.  Generally, courts do not treat ordinary internet activity or communications as confidential, "in part[,] because they are written communications that are by their very nature recorded." *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *5-6 (N.D. Cal. Jan. 20, 2026) (The consumers' "subjective expectation that no usage data would be sent … is objectively unreasonable.") Similarly, Google searches are recorded by Google as disclosed by Google's Privacy Policy, such that Defendant's internet searches are not confidential and any expectation of privacy is unreasonable. (*See* Google Privacy Policy (Apr. 2, 2026), Decl. of Ryan T. Weiss, Dkt. No. 70-1 ¶ 4, Ex. B at 3.)  Moreover, the fact that Defendant would prefer that his Google searches be kept confidential because they may damage his reputation does not render them confidential under the Civil Local Rules. (*See* Def.'s Mot. at 3.)

On May 29, 2026, Plaintiff filed a reply (Dkt. No. 72), which is not permitted under Civil Local Rule 79-5(f), so the filing is STRICKEN.

Accordingly, the sealing motions (Dkt. Nos. 60 & 68) are DENIED, and Plaintiffs are ordered to file an unredacted version of the May 8, 2026 joint discovery letter (Dkt. No. 61) on the public docket within 3 days of this order.

This resolves Dkt. Nos. 60, 68, 70, and 72.

IT IS SO ORDERED.

Dated: June 1, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] The Court need not consider Defendant's argument that Plaintiffs' purported violation of the preliminary injunction provides support for sealing, because that has no bearing on whether material is confidential pursuant to a stipulated protective order. (*See* Def.'s Mot. at 3.)