UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED FLOW TECHNOLOGIES
INTERMEDIATE HOLDCO II, LLC, et al.,

Plaintiffs,

v.

SEAN COHOLAN,

Defendant.

Case No.  26-cv-01845-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

In this bitter dispute between an employer and their former employee, Defendant Sean Colohan moves to dismiss Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action for interference with prospective economic advantage, interference with contract, defamation, trade libel, and unfair competition, respectively. Defendant argues Plaintiffs' defamation and trade libel claims fail as a matter of law and Plaintiffs' prospective advantage, interference with contract, and unfair competition claims fail for any of three separate reasons.[1] As explained below, Plaintiffs' defamation and trade libel causes of action depend on nonactionable statements and so must fail, and Plaintiffs' interference with prospective advantage, interference with contract, and unfair competition fail because they are preempted by CUTSA to the extent they do not rely on the

---

[1] Those reasons are that the third, fourth, and seventh claims are preempted by the California Uniform Trade Secrets Act as arising from the same nucleus of facts as Plaintiffs' trade secret claims, are impermissibly duplicative of Plaintiffs' defamation and trade libel claims, and/or fail as a matter of law.

inadequate allegations of defamatory wrongdoing. Defendant's motion is granted with leave to amend.

## II. BACKGROUND[2]

Plaintiffs United Flow Technologies Intermediate HoldCo II, LLC ("UFT") and TW Associates, LLC (d/b/a MISCOwater) filed this suit against their former employee Defendant Sean Coholan for alleged trade secret misappropriation and related tortious conduct in March 2026. Having discussed the factual background of this case at length in prior orders, *see* Dkts. 29, 49, it is not repeated here.

On March 16 and April 20, 2026, respectively, Plaintiffs' motions for a temporary restraining order and preliminary injunction were granted in part and denied in part. On May 11, 2026, Defendant filed the present motion to dismiss Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action under Rule 12(b)(6). Plaintiffs oppose the motion. All the while, both parties have engaged also in an embattled series of discovery related disputes before the magistrate judge assigned to the case. For the reasons set forth below, the motion is granted with leave to amend.

## III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*, 550 U.S. at 555). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital*

United States District Court
Northern District of California

---

[2] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint as true.

*Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996).

## IV. DISCUSSION

### A. Plaintiffs fail to state a claim for defamation and trade libel.

Defendant argues Plaintiffs allegations as to defamation and trade libel fail because (1) the statements are not actionable; (2) they do not identify adequately the allegedly defamatory statements; and (3) they do not include special damages as required for commercial disparagement. Plaintiffs allege, on information and belief, Coholan falsely told Randy Zimmer, Sales Director of Poly Processing,[3] that Coholan personally accounted for 92% of MISCOwater's Chemfeed-related tank sales, Dkt. 1, Compl., ¶ 75; MISCOwater lacked Chemfeed expertise outside of Coholan, *id.* ¶ 80; MISCOwater withheld " 'meaningful authority' " from Coholan, refused to place him in a role to achieve real results, and constrained his ability to develop the Chemfeed business due to internal " 'red tape' " *id.* ¶¶ 72–74; and MISCOwater's leadership reversed prior commitments to Poly Processing, *id.* ¶ 78. Plaintiffs also allege Coholan told former MISCOwater employee Cody Robinson that Plaintiffs slashed his "already earned or accrued" commissions "in half and then fired him," *id.* ¶ 83.

As to the first argument, both parties agree a publication must contain or reflect a " ' "false

[3] As discussed in this Court's prior Orders, Poly Processing used to be a supplier for Plaintiff MISCOwater, which is a manufacturer's representative firm in the water treatment and chemical feed industries owned by Plaintiff UFT. MISCOwater purchases products from suppliers like Poly Processing and sells those products to customers, municipal water and wastewater treatment facilities, contractors who work on related projects, and industrial markets.

statement of *fact*" to give rise to liability for defamation.' " *Campanelli v. Regents of Univ. of Cal.,* 44 Cal. App. 4th 572, 578 (1996) (quoting *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 970 (1993) (emphasis added here) (*Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600 (1976)). This "critical determination" between fact and opinion is a question of law for the court. *Id.* The determination is made considering the totality of circumstances. *Id.* Factors considered include "the occasion of the utterance, the persons addressed, the purpose to be served, and 'all of the circumstances attending the publication.' "*Jensen*, 14 Cal. App. 4th at 970 (internal citation omitted).

"[W]here potentially defamatory statements are published in… a heated labor dispute, or in another setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact may well assume the character of statements of opinion." *Gregory*, 17 Cal. 3d at 601. For example, in *Emde v. San Joaquin County Central Labor Council*, the California Supreme Court "characterized as opinion, statements by a union that an employer had hired nonunion workers and put them on a straight commission plan, that certain guarantees gained by the union had been wiped out, that the status of employees remained unchanged, and that the employer's labor policy was destructive." *Gregory*, 17 Cal. 3d at 602 (cleaned up) (citing *Emde v. San Joaquin Cnty. Cent. Lab. Council*, 23 Cal. 2d 146, 155–56 (1943)). *See also Su v. World Kuk Sool Ass'n Inc.*, No. 23-CV-01570-JCS, 2023 WL 5498731, at *8 (N.D. Cal. Aug. 23, 2023) (In a "bitter" dispute regarding a family business, the court found certain statements, although they could be considered fact, "simply too loose and figurative to be understood as anything but the opinion of a highly partisan individual who is seeking to persuade others of the correctness of his organization's positions in the context of an organizational dispute in which emotions are evidently running high.").

Here, the alleged statements were made as part of a contentious labor dispute and heated competition for business between employer and former employee. Much of the alleged statements were made to Zimmer, a Sales Director at Poly Processing. They were made after Poly Processing terminated its Colorado distributorship with MISCOwater, a distributorship which had been under

United States District Court
Northern District of California

Defendant's oversight at the time, after MISCOwater terminated Defendant, and before Poly Processing terminated two more MISCOwater distributorships. In this context, Zimmer would have "anticipate[d] efforts by the parties to persuade [him] to their positions by use of epithets, fiery rhetoric or hyperbole" and, accordingly, heard Coholan's comments regarding MISCOwater in the context of a "heated labor" and business dispute in which Coholan and MISCOwater were competing for Poly Processing's business. *See Gregory*, 17 Cal. 3d at 601. The specific alleged comments to Zimmer that MISCOwater lacked Chemfeed expertise outside of Coholan, withheld meaningful authority from Coholan, obstructed his success, and reversed prior commitments to Poly Processing are also "loose," "undefined," or "figurative." *See id.* at 601–02. Even Coholan's most concrete alleged statement to Zimmer, that Coholan personally accounted for 92% of MISCOwater's Chemfeed-related tank sales, would not be heard as a provably false factual statement but rather rhetoric by a salesperson seeking to close business about their own prowess that was very likely exaggerated or manipulated.[4]

Plaintiffs also allege that, after his termination, Coholan told former MISCOwater employee Robinson that Plaintiffs slashed his "already earned or accrued" commissions "in half and then fired him," Dkt. 1, Compl., ¶ 83. Again, an employee speaking with a recently terminated employee would hear Coholan's alleged comments about MISCOwater's handling of his commissions as "fiery rhetoric" in a "heated labor dispute." *See Gregory*, 17 Cal. 3d at 601. Moreover, the allegation that MISCOwater "slashed in half" his commissions uses hyperbolic rather than precise language. The comments to Robinson are also not actionable statements.

In sum, the statements Plaintiffs allege that Coholan made are not actionable as a matter of law in defamation or trade libel claims. Since this is sufficient to dispose of these claims, Defendant's other arguments need not be reached. Plaintiffs' fifth and sixth claims for defamation and trade libel are dismissed with leave to amend.[5]

---

[4] A professional in the business of selling and being sold to would hear a statistic like this and know it was subject to exaggeration and manipulation depending on the accounting methodology, time period, etc.

[5] Finding these claims plead inadequately, the Court also need not reach the question whether parts

**B. To the extent Plaintiffs' claims for interference with prospective advantage and contract and for unfair competition allege non-defamatory wrongdoing, they are preempted by CUTSA.**

The California Uniform Trade Secrets Act ("CUTSA") was intended "to occupy the field of trade secret liability to the exclusion of other civil remedies." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-CV-05611-PJH, 2020 WL 513287, at \*14 (N.D. Cal. Jan. 31, 2020) (citing *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 234 (2010)). It "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.' " *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (citation omitted).

CUTSA supersedes other claims even when they seek "something more" or "require[ ] proof of additional elements not necessary to a trade-secret misappropriation claim." *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-1732-NC, 2022 WL 18539352, at \*2 (N.D. Cal. July 19, 2022) (citing *K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 958). "If there is no material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in a different claim, the [C]UTSA claim preempts the other claim." *Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1174 (N.D. Cal. 2020) (citation omitted). The "determination of whether a claim is based on trade secret misappropriation is largely factual." *K.C. Multimedia*, 171 Cal. App. 4th at 954.[2]

"Courts in this District have repeatedly found that they may decide the issue of supersession at the pleading stage." *See Implicit Conversions, Inc. v. Stine*, No. 24-CV-03744-WHO, 2025 WL 2323354, at \*3 (N.D. Cal. Aug. 11, 2025) (collecting cases). "At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017). In other words, "[t]o survive preemption, [a plaintiff's] claims must 'allege wrongdoing that is materially distinct from the wrongdoing alleged in a CUTSA claim.' " *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1006 (N.D. Cal. 2018) (citation omitted).

of Plaintiffs' interference with prospective advantage, interference with contract, and unfair competition causes of action are impermissibly duplicative with Plaintiffs' defamation and trade libel allegations.

### 1.  Interference with Prospective Advantage

The wrongdoing alleged with regard to Plaintiffs' CUTSA claim is that Defendant "improperly retained" Plaintiffs' confidential information and knowingly and intentionally disclosed "trade secrets to entice Plaintiffs' competitor GSA to hire him and offer him an attractive compensation plan," "to systematically target Plaintiffs' most valuable suppliers and customers," "to attract MISCOwater's employees… away from the company, to work with him at GSA instead." Dkt. 1, Compl., ¶ 114–16. As for interference with prospective advantage, Plaintiffs allege Defendant "intentionally engaged in a malicious misinformation campaign directed at MISCOwater's employees and designed to persuade them to stop working for MISCOwater" regarding "the company's financial stability, treatment of its employees, future prospects, and the competence of its leadership." *Id.* at ¶ 130. The question is whether these claims " 'allege wrongdoing that is materially distinct.' " *Prostar Wireless*, 360 F. Supp. 3d at 1006 (citation omitted).

Courts in this district have found wrongdoing materially distinct from CUTSA-related wrongdoing where a tortious claim alleges defendant gained unauthorized computer access— which was how defendant retained certain trade secrets— and exploited the fact of that security breach to poach business, *Implicit Conversions*, No. 24-CV-03744-WHO, at *3, and also where defendant inaccurately told customers plaintiff's product infringed another party's patent, *Aavid Thermalloy LLC v. Cooler Master Co., Ltd.*, No. 17-CV-05363-JSW, 2018 WL 11348438, at *3 (N.D. Cal. June 15, 2018). Similarly, here, Plaintiffs have alleged wrongdoing in the form of sharing allegedly false information with third parties to draw customers, suppliers, and employees away from Defendant. While materially distinct wrongdoing from trade secret misappropriation, Plaintiffs cannot rely on that defamation wrongdoing for the reasons discussed above. CUTSA preemption applies to Plaintiffs' claim for interference with prospective advantage.

### 2.  Interference with Contract

Plaintiffs' allegations of wrongdoing with regard to alleged interference with contract are similar to those for alleged interference with prospective advantage. Plaintiffs allege Defendant engaged in a "deliberate misinformation scheme designed to induce a breach or disruption of

United States District Court
Northern District of California

Plaintiffs' contractual relationships." Dkt. 1, Compl., ¶ 145. Again, although a deliberate campaign of misinformation is materially distinct wrongdoing from trade secret misappropriation, those allegations cannot be relied on here to avoid CUTSA preemption for the reasons discussed above.

### 3. Unfair Competition

Regarding their unfair competition claim, Plaintiffs allege the following wrongdoing: "lies, thefts, breaches of confidentiality, and interferences." *Id*. ¶ 163. The alleged thefts and breaches of confidentiality do not reflect wrongdoing materially distinct from trade secret misappropriation. *See SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *5 (N.D. Cal. Dec. 11, 2012) ("If the basis of the alleged property right is in essence that the information is that it is not generally known to the public then the claim is sufficiently close to a trade secret claim that it should be superseded[.]" (cleaned up)); *K.C. Multimedia*, 171 Cal. App. 4th at 960 ("Appellant's claim for breach of confidence… is based on the same nucleus of facts as the trade secret misappropriation claim" and thus preempted by CUTSA. (cleaned up)). As before, the wrongdoing related to lies is materially distinct wrongdoing from trade secret misappropriation but cannot be relied upon.

In sum, Plaintiffs' third, fourth, and seventh causes of action for interference with prospective economic advantage, interference with contract, and unfair competition, respectively, are preempted by CUTSA to the extent they do not fail with Plaintiffs' defamation and trade libel claims.

### V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action is granted with leave to amend. Plaintiffs have until July 10, 2026 to amend their allegations.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: June 9, 2026

_____
RICHARD SEEBORG
Chief United States District Judge