UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FLOW TECHNOLOGIES INTERMEDIATE HOLDCO II, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEAN COHOLAN, et al., <br><br> Defendants. | Case No. 3:26-cv-01845-RS   (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTER BRIEF RE PRELIMINARY INJUNCTION COMPLIANCE** <br><br> Re: Dkt. Nos. 61, 74 <br><br> [Discovery Letter No. 1] |

On April 20, 2026, U.S. District Judge Richard Seeborg granted in part Plaintiffs' motion for preliminary injunction (Dkt. No. 49) and entered the Preliminary Injunction (Prelim. Inj., Dkt. No. 50).  On April 27, 2026, Judge Seeborg issued an order clarifying the scope of the Preliminary Injunction and referred any disputes regarding the scope of the Preliminary Injunction and all other discovery disputes to the undersigned. (Dkt. No. 56.)

On May 8, 2026, the parties filed a joint discovery letter (Dkt. No. 61) with portions of the letter redacted. (Dkt. No. 61.)  The sealing request was ultimately denied, and the parties filed the unredacted joint discovery letter on June 1, 2026. (Joint Letter, Dkt. No. 74.)  This discovery dispute pertains to the scope of the forensic inspection permitted by the preliminary injunction.

**A.    Inspection Locations where Defendant may Maintain Devices and Physical Files**

The Preliminary Injunction was amended to require Defendant "to make available physical files where hard copies of Plaintiffs' documents may reside." (Dkt. No. 56 at 1.)  The parties disagree over whether this permits Plaintiffs to conduct physical searches of Defendant's apartment, vehicle, and office, because physical files might be kept in those locations. (Joint Letter at 1-2.)

The presiding judge explicitly denied Plaintiff's request to "submit to inspection

United States District Court
Northern District of California

[Defendant's] text and instant messages, social media accounts, physical files, and 'every other location where Plaintiffs' materials may exist.'" (Dkt. No. 49 at 11.)  Indeed, Judge Seeborg found that the invasion of privacy concerns and the burden on Defendant "outweighs the protective value of such measures" and advised Plaintiffs to seek such materials in discovery. *Id.* at 11-12.

Thus, the Court finds that the Preliminary Injunction does not permit a physical search of any location where there may be physical files and denies Plaintiffs' request to do so.

### B.     Imaging Defendant's Personal and Work Electronic Devices

Next, the parties disagree over whether Defendant must make available his personal iPhone and any devices provided to him by his employer, Goble Sampson Associates ("GSA"), for forensic inspection, imaging, and preservation. (Joint Letter at 3.)

Plaintiffs argue that Defendant must make the GSA devices available pursuant to Paragraph 1, because the Preliminary Injunction does not have a carve out for his personal iPhone or GSA devices. (*See* Joint Letter at 3.)  That point is well taken.

In regard to phones, Paragraph 1 requires that Defendant provide access to phone storage, while Paragraph 2 requires that he make "any device or storage platform" available "that contains or previously contained Plaintiffs' trade secret information as set forth in this Court's accompanying order." (Prelim. Inj. ¶ 2.)  Taken together, the Court finds that the Preliminary Injunction requires Defendant to turn over his personal iPhone and any phone provided by GSA for forensic imaging.  Additionally, any device listed in Paragraph 1 that is owned by GSA but is in Defendant's possession, custody, or control, as well as any GSA device that has ever contained Plaintiffs' trade secret information, must also be turned over for forensic imaging.

Accordingly, the Court finds that Plaintiffs are entitled to forensically image Defendant's personal iPhone, any phone provided by GSA, and those GSA devices in his possession, custody, or control that have ever contained Plaintiffs' trade secret information.

### C.     Imaging non-party Nathan Baugh's Devices that Contained Plaintiffs' Business Information

Finally, the parties disagree as to whether the Preliminary Injunction allows Plaintiffs to image and forensically preserve devices belonging to Nathan Baugh, GSA's chief financial

2

officer. (Joint Letter at 4.)  Plaintiffs contend that it does. *Id.* at 4-5.  In opposition, Defendant argues that Plaintiffs are attempting to improperly extend the Preliminary Injunction to non-party devices beyond his possession, custody, or control. (Joint Letter at 5.)

Federal Rule of Civil Procedure 65 requires non-parties to comply with injunctions "who are in active concert or participation" with the parties and parties' officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2)(C).  The Preliminary Injunction requires non-parties to comply with certain conditions.  For example, Paragraph 1 requires that "Defendant and all those acting in concert or participation with him" return all materials containing trade secrets to Plaintiffs within five business days. (Prelim. Inj. ¶ 1.)  It is undisputed that Mr. Baugh both accessed materials shared by Defendant and that GSA returned those documents to Plaintiffs on March 19, 2026. (Dkt. No. 49 at 4.)  Paragraph 2, however, pertains to forensic imaging, and the presiding judge is only requiring that Defendant "make available for forensic imaging and preservation any device or storage platform—including the examples of such devices or storage platforms contained in Paragraph 1—that contains or previously contained Plaintiffs' trade secret information as set forth in this Court's accompanying order [(Dkt. No. 49)]." (Prelim. Inj. ¶ 2.)  It does not mention "those acting in concert or participation." *See id.*  Paragraph 4, however, explicitly enjoins non-parties from using Plaintiffs' trade secret information. (Prelim. Inj. ¶ 4.)  Thus, the Court must conclude that the presiding judge did not intend to require non-parties, such as Mr. Baugh, to submit their devices for forensic imaging.

Accordingly, Plaintiffs' request to forensically preserve Mr. Baugh's devices is denied.  Plaintiffs alternatively request that they be allowed to serve expedited subpoenas on GSA and Mr. Baugh "to help ensure containment" of their trade secrets, but Plaintiffs have since issued subpoenas, so that request is denied as moot.

This resolves Dkt. Nos. 61 and 74.

IT IS SO ORDERED.

Dated: June 11, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3