United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FLOW TECHNOLOGIES INTERMEDIATE HOLDCO II, LLC, et al.,<br>Plaintiffs,<br>v.<br>SEAN COHOLAN, et al.,<br>Defendants. | Case No. 26-cv-01845-RS<br><br>**ORDER OVERRULING OBJECTION TO ORDER OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

Defendants in this trade secret case request relief from a non-dispositive discovery order by the assigned magistrate judge ("July 9 Order"), which requires they submit three devices to Plaintiffs' counsel for forensic inspection consistent with, and to ensure compliance with, prior orders by this Court. This is Defendants' fourth effort to narrow the scope of the preliminary injunction. *See* Dkts. 52, 74, 104, 110. Plaintiffs, United Flow Technologies Intermediate HoldCo II, LLC ("UFT") and TW Associates, LLC (d/b/a MISCOwater), oppose the motion, emphasizing the parties' previously negotiated protective measures which address Defendants' concerns regarding privileged material and confidential business information. For the reasons set forth below, Defendants have not shown that the July 9 Order is clearly erroneous or contrary to law. The motion is denied, and the objection to the order of the magistrate judge is overruled.

United States District Court
Northern District of California

## II. BACKGROUND

Defendant Sean Coholan is a former employee of MISCOwater. Plaintiffs allege Coholan took and improperly shared MISCOwater's trade secrets. The factual background is detailed in this Court's prior orders, *see* Dkt. 49, and need not be repeated here.

On March 3, 2026, Plaintiffs filed this lawsuit against Coholan for trade secret violations and various tortious conduct. They moved for a temporary restraining order on March 10, 2026. A hearing was held on March 16, 2026, at which Coholan's counsel represented that Coholan had not shared any of the materials he took from Plaintiffs with anyone else. Shortly after the hearing, Plaintiffs' motion for a temporary restraining order was granted in part with regard to Plaintiffs' trade secret claims and denied as to the rest. Coholan was ordered to return any and all materials containing Plaintiffs' trade secret information and material taken from Plaintiffs between March 3, 2025 and January 15, 2026, and Plaintiffs were ordered to preserve all materials returned to them.

Shortly thereafter, counsel for Coholan's new employer, Goble Sampson Associates ("GSA"), informed Plaintiffs that, on March 6 and 7, 2026, Coholan shared Plaintiffs' materials with GSA's chief financial officer. Plaintiffs' counsel also raised concerns during this time about deficiencies in a production Coholan had provided on March 18, 2026 per the temporary restraining order. Plaintiffs also purport that during this time, they discovered through forensic analysis Coholan had connected USB devices to his computer 81 times between October 2025 and January 2026. Coholan did not produce any of those USBs in the March 18, 2026 production.

On March 23, 2026, Plaintiffs filed a motion for a preliminary injunction, seeking to enjoin Coholan from use of trade secrets and from continuing to engage with clients in his new role and requiring he return all trade secret materials and submit various devices and materials for inspection. A hearing was held and, on April 20, 2026, Plaintiffs' motion for a preliminary injunction was granted in part and denied in part. *See* Dkt. 49. The Preliminary Injunction followed. *See* Dkt. 50. Defendant moved for clarification regarding those orders on April 23, 2026, *see* Dkt. 52, which was granted, *see* Dkt. 56. At the same time, the case was referred to a magistrate judge for discovery issues and further disputes regarding the scope of the Preliminary

Injunction. *Id.*

Meanwhile, the parties negotiated a protective order which the Court entered ("Protective Order"). *See* Dkt. 55. The Protective Order allows Defendants and nonparties to designate information "HIGHLY CONFIDENTIAL" and allows Coholan to identify material, whether his or GSA's, "subject to a claim of privilege or other protection." *Id.* at ¶ 11. Any such designation requires Plaintiffs to return, sequester, or destroy the material. *Id*

Following the Preliminary Injunction, with the Protective Order in place, Coholan provided Plaintiffs access to numerous devices and accounts, and Plaintiffs took images of his personal laptop, Google Account (including Gmail and Google Drive), iCloud, Dropbox, and five USB drives. Plaintiffs also collected and retained an old phone and laptop previously given to Coholan by Plaintiffs. Defendant did not produce his personal iPhone or two GSA devices.

The parties disputed the scope of the forensic inspection permitted by the Preliminary Injunction. Accordingly, on May 8, 2026, the parties filed a joint discovery letter. *See* Dkt. 61. In an order on June 11, 2026 ("June 11 Order"), the magistrate judge found that the Preliminary Injunction did not permit a physical search of any location where there may be physical files of Coholan's nor forensic imaging of the devices of GSA's CFO but did permit Plaintiffs "to forensically image Defendant's personal iPhone, any phone provided by GSA, and those GSA devices in his possession, custody, or control that have ever contained Plaintiffs' trade secret information." Dkt. 90 at 2.

On June 24, 2026, the parties filed a second joint discovery letter again regarding the scope of the Preliminary Injunction. *See* Dkt. 91. The dispute arose from Coholan's request that six limitations be imposed on the forensic inspection ordered by the Preliminary Injunction and clarified by the June 11 Order. In the July 9 Order, the magistrate judge denied Coholan's request.

On July 1, 2026, new counsel entered appearances for Coholan. Coholan's original counsel withdrew shortly thereafter. On July 10, 2026, Plaintiffs filed an amended complaint, Dkt. 105, naming GSA as an additional Defendant.

On July 14, 2026, Defendants moved for relief from the July 9 Order's denial of two of

their requests, (1) for a forensic protocol before the additional devices are turned over and (2) to stop review of certain images already turned over until a protocol is in place. Defendants also moved to stay the July 9 Order, pending resolution of the motion for relief. The motion to stay was granted on July 16, 2026 ("July 16 Order"). The July 16 Order also ordered Defendants to produce a log of anything they claim a right to withhold on privilege or other grounds by July 24, 2026 and ordered Plaintiffs to respond to the motion for relief by July 31, 2026.

Until the July 16 Order, Defendants had refused requests to identify privileged material which Plaintiffs could return, sequester, or destroy per the Protective Order. As ordered, Defendants produced a log on July 24, 2026. Plaintiffs offered a proposal to sequester much of the identified material and narrow remaining concerns through negotiated search terms, with disputes resolved by Judge Westmore. A compromise was not reached. Plaintiffs filed their opposition to the motion for relief on July 31, 2026.

## III. DISCUSSION

When resolving discovery matters, magistrate judges possess broad discretion, and their orders on such issues are entitled to significant deference. *See United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). Such an order "must be deferred to unless it is 'clearly erroneous or contrary to law.' " *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). An order is "clearly erroneous" only when the "court is left with the definite and firm conviction that a mistake has been made." *In re Verisign, Inc. Secs. Litig.*, 2004 WL 2445243, at *3 (N.D. Cal. Mar. 10, 2004). This is a "formidable standard of review." *PlayUp*, 635 F. Supp. 3d at 1096.

For the first time, Coholan raises concerns that his iPhone and the two GSA devices contain privileged communications with his lawyers as well as confidential GSA business information. He also raises generalized privacy concerns. Defendants argue that an order requiring Coholan to turn over the three at-issue devices without a forensic protocol is contrary to law regarding privacy, privilege, and confidential business information.

The Preliminary Injunction and accompanying order as well as the Protective Order do

provide some degree of relevant protection to Coholan and GSA. The Preliminary Injunction permits Plaintiffs to conduct full forensic inspections and imaging "*to ensure compliance*" with Coholan's return of any and all materials containing Plaintiffs' trade secrets and any and all material taken from Plaintiffs between March 3, 2025 and January 15, 2026. Dkt. 50 ¶¶ 1–2 (emphasis added). It was not written as a blank check for a one-sided, pre-discovery free-for-all of privileged or confidential material. In fact, the order accompanying the Preliminary Injunction specifically sets out that "Defendant is not required to submit to inspection his text and instant messages, social media accounts, physical files, and 'every other location where Plaintiffs' materials may exist.' " Dkt. 49 at ¶ 11. Defendants argue the July 9 Order goes beyond these limits or, if it does not, the Preliminary Injunction should be limited nonetheless.

The Preliminary Injunction also required the parties to "negotiate in good faith regarding a protective order to address any legitimate privacy concerns raised" by Coholan. Dkt. 50 ¶ 6. The resulting Protective Order, to which Coholan stipulated, does provide protections relevant to Defendants' concerns. It allows Defendants and nonparties to designate information as "Highly Confidential" and sets out protections for such material, Dkt. 55 ¶¶ 2, 7, and allows Coholan to identify privileged material that Plaintiffs must return, sequester, or destroy. *Id.* ¶ 11.

Defendants argue these protections are not enough. It is troubling that Coholan was given ample prior opportunity[1] to raise his now particularized concerns about privilege and confidential GSA information to the Court and yet failed to do so. Also troubling is Defendants' failure to work out these concerns before preparing a stipulated protective order for the Court to enter. At worst, as suggested in the July 9 Order, Defendants late-raised concerns and present motion for relief are an obstruction tactic.[2] At best, they represent a waste of judicial resources.

[1] These concerns were not raised when the motion for preliminary injunction was before the Court nor twice thereafter when the parties brought concerns about the scope of the Preliminary Injunction to the Court, *see* Dkts. 52, 74.

[2] Defendants' latest round of late-raised arguments came early this morning. *See* Dkt. 128. The administrative motion for leave to file a supplemental brief in support of the motion for relief is denied.

Turning to the merits of Defendants' motion, they have failed to show that the July 9 Order is clearly erroneous or contrary to law. In *Henson v. Turn*, relied on by Defendants, the court denies a discovery request to inspect *data-theft victim* plaintiffs devices in light of privacy and privilege concerns. 2018 WL 5281629, at *8 (N.D. Cal. Oct. 22, 2018). So to in *In re Anthem, Inc. Data Breach Litigation*, as relied on by Defendants. *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617 LHK (NC), 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016) (denying request for direct inspection of devices noting "an Orwellian irony" and that, "[i]f the Court were to grant Anthem's request, it would further invade plaintiffs' privacy interests and deter current and future data theft victims from pursuing relief"). The facts here are meaningfully different. Meanwhile, Plaintiffs provide support that courts are willing to order full forensic imaging of defendants' devices—for review by plaintiffs' counsel—in trade secret cases. Dkt. 127 at 6 (citing *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 856 (N.D. Cal. 2019)).[3] In sum, it is not contrary to law to order a trade secret defendant—especially one who has been less than forthright about his collection and distribution of trade secrets even after an order by the Court— to make certain devices available for full forensic inspection to plaintiffs' counsel to ensure compliance with a related injunction.

## IV. CONCLUSION

The motion for relief is denied. Defendants are ordered to comply with the July 9 Order by August 7, 2026.

**IT IS SO ORDERED**.

Dated: August 3, 2026

RICHARD SEEBORG
United States District Judge

[3] While courts sometimes order that forensic inspection and imaging be conducted by a neutral party, to omit such a requirement is within the court's discretion—and so not contrary to law.